UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CLIFTON DREYFUS                           CIVIL ACTION

VERSUS                                    NO: 06-585

ADVANCED MEDICAL OPTICS, INC.             SECTION: "J" (1)


## ORDER AND REASONS

Before the Court is defendant's Motion for Summary Judgment.
(Doc. 18.) The motion is opposed. For the following reasons, the
Court finds that the motion should be GRANTED in part and DENIED
in part.

## BACKGROUND

Plaintiff, Clifton Dreyfus, had surgery to remove a cataract
in his eye. As part of the surgery a manufactured lens was to be
implanted in his eye. Defendant, Advanced Medical Optics ("AMO")
manufactured and distributed the lens initially used during
Dreyfus's surgery. When the doctor implanted the lens, he noticed
that a piece of the device, the "haptic",  was broken off. The
broken device had to be removed, and as it was being removed the
broken part tore into Dreyfus's eye. This was painful and

required further surgery to correct. Dreyfus sued AMO in state

court for damages alleging various theories of recovery under the

Louisiana Products Liability Act ("LPLA") and otherwise. AMO

removed to this Court based upon diversity.[1]

**LEGAL STANDARD**

Summary judgment is appropriate if "there is no genuine

issue as to any material fact and the moving party is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving

party bears the initial burden of demonstrating the absence of a

genuine issue of material fact. *Celotex Corp. v. Catrett*, 477

U.S. 317, 323 (1986). If that burden has been met, the non-moving

party must then come forward and establish the specific material

facts in dispute to survive summary judgment. *Matsushita Elec.*

*Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986).

**DISCUSSION**

AMO argues that plaintiff has insufficient evidence to

support the elements of any of his LPLA theories of recovery or

to prove causation of his alleged injuries. The theories of

---

[1] Dreyfus's Petition states that the federal jurisdictional
amount is not met, but AMO argued in removing that it was
apparent from the face of the complaint that allegations of
permanent eye/vision damage, disability, medical bills past
present and future, and suffering likely exceed $75,000. The
Court agrees that the potential damages as stated in the petition
are likely enough to satisfy jurisdiction.

recovery allowed under the LPLA are design defect, manufacturing

defect, failure to warn, and breach of express warranty. As

Dreyfus points out, however, the Medical Devices Amendment to the

Food Drug and Cosmetics Act likely preempts all of these theories

except manufacturing defect and perhaps express warranty. *See*

*Gomez v. St. Jude Medical*, 442 F.3d 919 (5th Cir. 2006). In *Gomez*

the Fifth Circuit found in a similar suit that the "district

judge properly limited Gomez's negligence claims to a claim that

the [device] used in her surgery was defectively manufactured

because it did not comply with the FDA-approved specifications."

*Id*. at 933.  There is no allegation in this case of express

warranty, so, as in *Gomez*, that leaves only the claim of

manufacturing defect viable.

To prove a products liability claim plaintiff must show that

(1) defendant is the manufacturer of the product; (2) the product

proximately caused the plaintiff's damage; (3) the damaging

characteristic of the product rendered it "unreasonably

dangerous", and (4) the plaintiff's damage arose from a

reasonably anticipated use of the product. La. R.S. § 9:2800.54.

To show that a product is "unreasonably dangerous" because of a

manufacturing defect the plaintiff must show that (1) at the time

the product left its manufacturer's control (2) it deviated in a

material way from the manufacturer's specifications or

3

performance standards. *Id* § 9:2800.55. In this case, as in *Gomez*, it is the FDA specifications and not necessarily the manufacturer's that matter.

AMO argues that Dreyfus "has failed to timely serve an expert report" or "to produce any documents supporting his claim" that the product deviated from its specifications. AMO cites legal authority for the proposition that a product defect cannot be presumed from the occurrence of an accident. AMO also argues that there is no expert report establishing medical causation of injury.

Defendant's suggestion that there is no evidence to support the existence of a defect or that an expert report would be required borders on frivolous. The operating doctor testifies that the device was broken when he released it into Dreyfus's eye. Unless AMO intends to argue that the device was supposed to be that way, it is apparent that the device was defective by that point.

To support the "at the time it left the manufacturer" element, Dreyfus points to the operating physician's deposition testimony that, because of the nature of the packaging and the nature of the defect, the damage could not have been sustained in shipment. Dreyfus argues that there has been no suggestion that the doctor damaged the device. In addition, there is testimony

4

supporting the conclusion that the doctor did not break the device. (Slagle Depo. pp 151-52.) Dreyfus argues that the only other possibility is that the device left the manufacturer's with a defect. The evidence is circumstantial and inferential, but it clearly could support a jury finding that the device left the manufacturer with the defect. Consequently, a genuine issue remains for determination at trial.

The argument that there is no medical causation evidence is incredible. The operating doctor testifies that he directly observed through the microscope as the broken piece of the device tore Dreyfus's eye. (Slagle Depo. pp 74-75.) The doctor's operating report indicates that it was painful, caused distress, and required further surgery. (Pl's Opp. Ex. B.) There is clearly evidence that the defect caused injury, and a genuine issue remains for trial as to the extent of the injury.

## CONCLUSION

All theories of liability or recovery other than manufacturing defect are preempted by the Medical Devices Amendment to the Food, Drug, and Cosmetics Act. AMO is entitled to judgment on those theories as a matter of law. However, genuine issues of material fact remain for trial on the manufacturing defect claim.

Accordingly,

**IT IS ORDERED** that the defendant's Motion for Summary

Judgment (Doc. 18) is **DENIED** in part, and **GRANTED** in part.

New Orleans, Louisiana this the 12th day of January, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

6